IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FIRE KING INTERNATIONAL, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0655-G |
| | § | |
| CORPORATE SAFE SPECIALISTS, INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Defendant Tidel Engineering, L.P. ("New Tidel") has filed a motion to dismiss plaintiff's claim for infringement of U.S. Patent No. 7,063,252 ("the '252 Patent") because it is a compulsory counterclaim in a declaratory judgment action between the same parties that was pending in the Marshall Division of the Eastern District of Texas at the time the instant case was filed. *Tidel Engineering, L.P., et al. v. Fire King International, Inc.*, No. 2:07-CV-77 ("the Marshall Litigation"). If the infringement claim is not dismissed outright, New Tidel asks the court to transfer this action to the Eastern District of Texas for possible consolidation with the Marshall Litigation or, alternatively, to stay all further proceedings in this case pending a ruling on plaintiff's motion to transfer the Marshall Litigation to this district. The issues have been fully briefed by the parties and the motion is ripe for determination.

Fed. R. Civ. P. 13(a) provides, in pertinent part:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire

> jurisdiction. *But the pleader need not state the claim if [ ] at the time the action was commenced the claim was the subject of another pending action* . . .

Fed. R. Civ. P. 13(a) (emphasis added). There is no question that plaintiff's claim for infringement of the '252 Patent "arises out of the transaction or occurrence that is the subject matter of" a previously filed declaratory judgment action between the same parties involving the same patent in the Eastern District of Texas. However, under the plain language of Rule 13(a), dismissal of a claim raised in a subsequent action that should have been raised as a counterclaim in a prior action is appropriate only if the prior action has been concluded at the time the subsequent action is filed. *See also* Fed. R. Civ. P. 13, adv. comm. n.7 (1937) ("If the [prior] action proceeds to judgment without the interposition of a counterclaim as required by subdivision (a) of this rule, the counterclaim is barred."). Because the Marshall Litigation was pending when the instant case was filed, plaintiff is not barred from bringing its infringement claim in this action.[1]

Alternatively, New Tidel moves to transfer this case to the Eastern District of Texas under the "first-to-file" rule. The "first-to-file rule" is a discretionary rule which allows for dismissal or transfer of a second case related to a first-filed case pending before a different federal court if the two cases "substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). The rule is based on principles of comity and sound judicial administration and is designed "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.* Although the forum of the first-filed action is favored, exceptions "are not rare, and are made when justice or

---

[1] New Tidel all but concedes this point in its reply brief. Nevertheless, it argues that dismissal is proper because Rule 13(a) was "designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." *See* New Tidel Rep. Br. at 5, *quoting Southern Construction Co. v. Pickard*, 371 U.S. 57, 60, 83 S.Ct. 108, 110, 9 L.Ed.2d 31 (1962). While it may be preferable for the parties to litigate their claims in one forum, the court is unwilling to rewrite Rule 13(a) to achieve that result.

expediency requires[.]" *Genetech v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993). One such exception is where the convenience of the parties and witnesses favor venue in the second forum. *Id.*; *see also Serco Services Co. v. Kelley Co.*, 51 F.3d 1037, 1040 (Fed. Cir. 1995). In a sworn affidavit filed in another lawsuit involving a related patent, Mark Levenick, CEO of Tidel Engineering, L.P., testified:

> Tidel Engineering is based in Carrollton, Texas, a city located adjacent to Dallas, Texas. At all relevant periods since 1977, Tidel Engineering or its predecessors have been involved in the development, manufacture and sale of various cash and cash value dispensing products. Tidel Engineering has developed and manufactured all of its products in Carrollton, Texas, including the Sentinel brand named products. Its sales, technical and customer support organizations for all of its products are based in Carrollton, Texas. Tidel Engineering employs 110 individuals, all of whom are based in Carrollton, Texas, a suburb of Dallas. Its sales, technical and customer support organizations for all of its products, which are sold nationwide, are located in Carrollton, Texas.
>
> All design, developmental, manufacturing, marketing, and sales documents concerning Tidel Engineering's security products, including the Sentinel product, are located in Carrollton, Texas. These documents number in the tens of thousands.
>
> Key individuals employed by Tidel Engineering who have overseen or been principally involved in the design, development, manufacture, marketing, sale and support of Sentinel product or regarding important functionality aspects of the Sentinel product . . . all [ ] work out of Tidel Engineering's Carrollton, Texas offices and reside in the Dallas metropolitan area[.]

Plf. App. at 0038-39, ¶¶ 2-3.[2] New Tidel does not dispute that it would be more convenient for the parties to litigate this case in the Northern District of Texas--the district where New Tidel has its

---

[2] The Levenick affidavit was submitted by New Tidel in a patent infringement action brought by Corporate Safe Specialists, Inc. ("CSS") in Illinois federal court. The Illinois action involved U.S. Patent No. 6,885,281 ("the '281 Patent") which, like the '252 Patent at issue in the instant case, relates to electronic locks used on safes. New Tidel moved to transfer the Illinois action to the Eastern District of Texas for possible consolidation with a case brought by New Tidel seeking a declaration of non-infringement of the '281 Patent and another CSS patent. The Illinois court granted the motion to transfer venue, but transferred the case to the Northern District of Texas where yet another action between the parties was pending. *See Corporate Safe Specialists, Inc. v. Tidel Technologies, Inc.*, No. 05 C 3421, 2005 WL 2124483 (N.D. Ill. Jul. 28, 2005).

principal place of business, where it's key witnesses and documents are located, and where the accused product was designed, developed, and marketed. Instead, New Tidel stubbornly relies on the "first-to-file" rule as the sole reason for transferring this action to the Eastern District of Texas. In light of the overwhelming evidence favoring venue in the Northern District of Texas, the court determines that the convenience of the parties and witnesses trumps the "first-to-file" rule.

Finally, New Tidel asks the court to stay this action until the presiding judge in the Marshall Litigation rules on plaintiff's motion to transfer that case to this district. The court notes that plaintiff's motion to transfer venue has been pending for more than seven months. There is no indication when the Marshall court will rule on that motion. As some point in time, the parties must stop their procedural posturing and litigate their claims on the merits. That time is now. While this court does not presume to instruct the Marshall court how to rule on plaintiff's motion to transfer venue, it is unwilling to stay this litigation pending that ruling.

For these reasons, New Tidel's motion to dismiss and, alternatively, motion to transfer or to stay proceedings [Doc. #57] is denied.

SO ORDERED.

DATED: November 16, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE